UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 0:26-cv-00720-JMG-SGE

JOSE ROSARIO GOMEZ GALLARDO,

        Petitioner,

v.

PAMELA BONDI, *et al.,*

        Respondents.

**RESPONDENTS' RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner filed this petition for a writ of habeas corpus seeking immediate release from custody. Respondents submit this response to the petition. The Court should deny Petitioner's request for habeas relief and/or transfer the matter to the Western District of Texas where Petitioner is in custody. Petitioner was not detained in Minnesota at the time the Petition was filed.

This petition also raises legal and factual issues like those in prior habeas petitions this Court has decided. Those issues are currently before the Eighth Circuit on expedited review in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025). For purposes of expediting these proceedings, the Federal Respondents assert all arguments raised by the government in *Avila*, preserve those arguments for any appeal in this case, and respectfully request that the Court deny Petitioner's habeas petition.

## BACKGROUND

Respondents do not dispute the salient facts alleged in the Petition. It is undisputed that, Petitioner, a citizen and native of Mexico, entered the United States without inspection

by an Immigration Official, and has no lawful status. Petitioner was transferred to El Paso before the habeas petition was filed. Respondents therefore respectfully request that the Petition be denied or transferred. To the extent this Court orders relief in any format, the Respondents respectfully request a reasonable time to implement any portion of that order.

## ARGUMENT

**I.   This Court lacks jurisdiction over the habeas petition as Petitioner was not detained in this district at the time the petition was filed.**

The Court should take judicial notice of the fact that the Petition in this case was filed on January 27, 2026. Petitioner was booked into custody in El Paso, Texas on or about January 15, 2026. This Court therefore lacks jurisdiction to enter relief in habeas, and the Court should transfer the Petition to the Western District of Texas.

Under 28 U.S.C. § 1406(a), the Court should dismiss this case or transfer it to the Western District of Texas (the district in which the Port Isabel Service Processing Center is located). It is a basic rule of habeas litigation "that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). That rule does not go away just because this is an immigration-related case—regardless of the type of detention at issue, petitions brought under § 2241 must be brought in the district of confinement. *See, e.g.*, *Fisenko K. v. Ray*, No. 25-cv-4654-PJS-DLM, ECF No. 17 (D. Minn. order filed Dec. 17, 2025) (transferring immigration detention petition filed in wrong district); *Garcia v. London*, 2025 U.S. Dist. LEXIS 261751, at *3 (D. Neb. Dec. 10, 2025) (transferring immigration detention petition filed in wrong district). Because this is a jurisdictional

defect, *see Padilla*, 542 U.S. at 442, the Court cannot proceed to the merits of the petition until the issue is resolved.

## II.     Mandatory Detention under § 1225

Petitioner thinks he is subject to detention under § 1226 rather than under § 1225. The Court is familiar with this issue by now and has already ruled on the government's arguments for holding that detention under these circumstances is appropriately characterized as mandatory detention pursuant to § 1225. *See, e.g.*, Roberto M.F. v. Olson, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455 (D. Minn. Dec. 9, 2025). *Beltran v. Bondi*, 2025 WL 3719856 (D. Minn. Dec. 23, 2025). Although the Eighth Circuit is poised to weigh-in soon, *see Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025), the Federal Respondents acknowledge that this case presents similar legal and factual issues to prior habeas petitions.

Rather than belabor these proceedings further by re-arguing points that the Court has already considered and rejected, the Federal Respondents will: (1) offer additional authority that the Court may not have previously considered; and (2) summarize the legal basis for the government's interpretation. The Federal Respondents request that the Court note the arguments made below and in *Roberto M.F.* and hold that they are preserved for appeal.

### A.     Additional Authority

Courts across the country have agreed with the government's interpretation of § 1225 in factually similar cases. *See, e.g.*, *Calderon Lopez v. Lyons*, 2025 WL 3683918 (N.D. Tex. Dec. 19, 2025); *Urbina Zapata v. Chestnut*, 2025 WL 3687643 (E.D. Cal. Dec.

19, 2025); *E.R.J.B. v. Wofford*, 2025 WL 3683118 (E.D. Cal. Dec. 18, 2025); *Romero Rebolledo v. Chestnut*, 2025 WL 3683122 (E.D. Cal. Dec. 18, 2025); *Liang v. Almodovar*, 2025 WL 3641512 (S.D.N.Y. Dec. 15, 2025); *Pablo Coronado v. Secretary, DHS*, 2025 WL 3628229 (S.D. Ohio Dec. 15, 2025); *P.B. v. Bergami*, 2025 WL 3632752 (N.D. Tex. Dec. 13, 2025); *Yanyun Mo v. Chestnut*, 2025 WL 3539063 (E.D. Cal. Dec. 10, 2025); *Ugarte-Arenas v. Olson*, (E.D. Wis. Dec. 8, 2025); *Chen v. Almodovar*, 2025 WL 3484855 (S.D.N.Y. Dec. 4, 2025); *Candido v. Bondi*, 2025 WL 7484932, (W.D.N.Y. Dec. 4, 2025); *Topal v. Bondi*, 2025 WL 3486894 (W.D. La. Dec. 3, 2025); *Hernandez Cruz v. Noem*, 2025 WL 3482630 (C.D. Cal. Dec. 2, 2025); *Maceda Jimenez v. Thompson*, 2025 WL 3265493 (S.D. Tex. Nov. 24, 2025); *Alves De Andrade v. Patterson*, 2025 WL 3252707 (W.D. La. Nov. 21, 2025); *Valencia v. Chestnut*, 2025 WL 3205133 (E.D. Cal. Nov. 17, 2025); *Alonzo v. Noem*, 2025 WL 3208284 (E.D. Cal. Nov. 17, 2025); *Cabanas v. Bondi*, 2025 WL 3171331 (S.D. Tex. Nov. 13, 2025); *Ramos v. Lyons*, 2025 LX 568700 (C.D. Cal. Nov. 12, 2025); *Oliveira v. Patterson*, 2025 WL 3095972 (W.D. La. Nov. 4, 2025); *Sandoval v. Acuna*, 2025 WL 3048926 (W.D. La. Oct. 31, 2025); *Rojas v. Olson*, 2025 WL 3033967 (E.D. Wis. Oct. 30, 2025); *Garibay-Robledo v. Noem*, 2025 WL 3264478 (N.D. Tex. Oct. 24, 2025); *Chavez v. Noem*, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); *Pipa-Aquise v. Bondi*, 2025 WL 2490657 (E.D. Va. Aug. 5, 2025).

Admittedly, these decisions reflect the minority position. But that minority has been growing since the BIA reached its conclusion in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA Sept. 5, 2025). *See Sandoval*, 2025 WL 3048926, at *6 (noting "many of the[] cases" taking the majority position did so "before—or soon after—the BIA issued its

4

opinion in" *Hurtado*). And it is worth emphasizing that courts within the Eighth Circuit agree with the government's arguments. *See, e.g.*, *Melgar v. Bondi, et al.*, 2025 WL 3496721 (D. Neb. Dec. 5, 2025); *Suarez v. Noem*, 2025 WL 3312168 (E.D. Mo. Nov. 28, 2025); *Mejia Olalde v. Noem*, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025); *Vargas Lopez v. Trump*, 2025 WL 2780351 (D. Neb. Sept. 30, 2025). In particular, the District of Nebraska's decision in *Melgar* comprehensively and persuasively analyzes the text of § 1225 and § 1226 before concluding that a habeas petition like the one filed in this case failed on the merits because the petitioner was properly detained under § 1225. The Federal Respondents contend that this authority justifies revisiting the Court's earlier decisions on the § 1225/1226 issue presented in this petition.

### B. Mandatory Detention under § 1225

The Court should uphold Petitioner's mandatory detention under § 1225(b)(2). Petitioner is a noncitizen present in the United States who entered without inspection. Thus, he is "deemed" to be an "applicant for admission" under § 1225(a)(1). Pursuant to the statute's "catchall provision"—paragraph (b)(2)—a noncitizen like Petitioner who is deemed an applicant for admission and who is not subject to paragraph (b)(1) must be detained during removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). The Court should reject Petitioner's request to recast his detention as arising under § 1226, for reasons that are evident from the text, context, and structure of the statutes at issue.

*First*, Petitioner's argument is contrary to § 1225's plain text, which "deem[s]" people who are already "present in the United States" without admission to be applicants for admission. *See* 8 U.S.C. § 1225(a)(1). Although paragraph (b)(1) applies to those

5

"arriving" in the United States and other more recent arrivals, paragraph (b)(2) is not so limited and applies instead to any "other" noncitizen "who is an applicant for admission." *Compare id.* § 1225(b)(1)(A)(i), *with id.* § 1225(b)(2)(A); *accord Jennings*, 583 U.S. at 287. The term "seeking admission" does not implicitly narrow this provision to just those applicants for admission who are "arriving" at the border. Such an interpretation would render paragraph (b)(2) essentially redundant of (b)(1). Rather, (b)(2) includes all people deemed to be applicants for admission who are not already covered by paragraph (b)(1).

*Second*, the context of § 1225's passage in a 1996 reform package shows Congress intended to place noncitizens who are present without admission on equal footing with those who are apprehended upon arrival. Before the current version of § 1225 was enacted, under the entry doctrine, inadmissible noncitizens who successfully evaded apprehension and gained entry enjoyed greater rights than those who were found inadmissible after appearing for inspection. *Torres v. Barr*, 976 F.3d 918, 928 (9th Cir. 2020) (en banc) (explaining history of § 1225), *declined to extend by United States v. Gambino-Ruiz*, 91 F.4th 981 (9th Cir. 2024). But Congress did away with the distinction by, among other changes, deeming both categories to be treated as applicants for admission in § 1225(a) and treating them similarly in § 1225(b). Interpreting § 1225(b) to turn on physical entry rather than lawful admission after inspection would reinvigorate the entry doctrine, contrary to Congress's legislative efforts.

*Third*, Petitioner's approach contradicts the structure of the statute, both within § 1225 itself and between § 1225 and § 1226. Section 1225(b) divides applicants for admission between two subparagraphs: (b)(1) for those applicants for admission who are

6

arriving, and (b)(2) for "other" applicants for admission. Section 1225(b) treats all "applicants for admission"—whether arriving or already present—as mandatory detainees under either (b)(1) or (b)(2), unlike admitted noncitizens who are subject to discretionary detention and allowed bond under § 1226.

Based on § 1225's plain text, context, and structure, the Court should hold Petitioner is properly subject to mandatory detention under § 1225(b)(2).

## III. Evidentiary Hearing

Respondents believe the Court can rule on this petition without holding an evidentiary hearing. The facts are not likely to be disputed, and the only issues before the Court are ones of legal interpretation capable of resolution on the parties' submissions.

## CONCLUSION

For the reasons discussed above, Respondents respectfully request that the Court deny this habeas petition.

Dated: January 30, 2026

                                              DANIEL N. ROSEN
                                              United States Attorney

                                              *s/ Julie Le*

                                              FOR: Julie Le
                                              Special Assistant U. S. Attorney
                                              Attorney ID Number 0402305
                                              600 U.S. Courthouse
                                              300 South Fourth Street
                                              Minneapolis, MN  55415
                                              (612) 664-5600
                                              Julie.t.le@ice.dhs.gov