IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSE ROSARIO GOMEZ GALLARDO,<br><br>         Petitioner,<br><br>vs.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security, et al.,<br><br>         Respondents. | 0:26-CV-720<br><br>ORDER REQUESTING RETURN OF CASE FILE |

This matter is before the Court on the status report (filing 12) filed by the petitioner in this case. It is not the report the Court was expecting. The Court *was* expecting the government to file the report the Court had ordered *it* to file. *See* filing 11. The deadline for that response has come and gone, and the Court has heard nothing from the government.

The underlying issue is the government moving the petitioner from place to place with little regard for his ability to contest his detention. *See* filing 12. The Court initially found that there was little to be done about a transfer that, at least at the time of the transfer, appeared correct. *See* filing 11. But the government's failure to answer even basic questions about where, when, and why the petitioner has been repeatedly transported from state to state raises significant questions about whether that transportation was appropriate.

Specifically, it appears from all the information available to the Court that the government moved for transfer of this case to Texas based on the petitioner's detention in El Paso but that, *at the time of the motion*, the petitioner *had already been returned to Minnesota*. In other words, it seems that the government got this case transferred to a different district by

1

mispresenting the petitioner's location. And because the government hasn't answered the Court's questions about the matter, there's nothing in the record to refute that inference.

The Court's questions remain, but the Court is no longer inclined to wait for answers from the government. The same case can't be in two places at the same time, and the Court still doubts its authority to claw back a case from another district. But two things are clear: First, if the petitioner is in Minnesota *now*, then habeas jurisdiction is proper in Minnesota *now*. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). And second, both the Fifth Circuit and the Eighth Circuit permit a district court to *request* return of the court file from a transferee court. *See Def. Distributed v. Platkin*, 55 F.4th 486, 492 (5th Cir. 2022); *In re Nine Mile Ltd.*, 673 F.2d 242, 244 (8th Cir. 1982).

The Court's review of the case docket via PACER indicates that the Western District of Texas has yet to act on the petition in this case. There is no danger of conflicting orders. Given the government's failure to answer questions about the petitioner's transportation, and the possibility that the government obtained transfer to Texas in the first place by misleading the Court, the Court will respectfully ask the presiding judge in the Western District of Texas to direct return of the case file to Minnesota and facilitate prompt resolution of this petition in Minnesota, where the petitioner is currently detained.

IT IS ORDERED:

1. The government is enjoined from removing the petitioner from Minnesota until further order of the Court.

2

2.      The presiding judge in case no. 3:26-cv-291-LS in the Western District of Texas is respectfully requested to direct the clerk of that court to return the court file to the Clerk of the Court for the District of Minnesota.

3.      The Clerk of the Court for the District of Minnesota is directed to provide a copy of this order to the Clerk of the Court for the Western District of Texas.

Dated this 9th day of February, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge